09-4642-ag
Ye v. Holder

BIA
Mulligan, IJ
A077 316 740

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9ᵗʰ day of September, two thousand ten.

PRESENT:

> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> DENNY CHIN,
> > *Circuit Judges*.

_____

ZHEN HUI YE,
          *Petitioner*,

          v.                                    09-4642-ag

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL
          *Respondent*.

_____

FOR PETITIONER:    Troy Nader Moslemi, Moslemi & Associates, New York, New York.

FOR RESPONDENT:    Tony West, Assistant Attorney General, Civil Division; John S. Hogan, Senior Litigation Counsel; Jennifer L. Lightbody, Senior Litigation Counsel; Leslie M. Thompson, Paralegal Specialist, Office of Immigration Litigation, Civil Division, United States Department of

**Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhen Hui Ye, a native and citizen of the People's Republic of China, seeks review of an October 9, 2009, order of the BIA affirming the January 24, 2008, decision of Immigration Judge ("IJ") Thomas J. Mulligan denying Ye's application for asylum and withholding of removal. *In re Zhen Hui Ye*, No. A077 316 740 (B.I.A. Oct. 9, 2009), *aff'g* No. A077 316 740 (Immig. Ct. N.Y. City Jan. 24, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, although Ye is challenging the denial of relief in "asylum only" proceedings, as opposed to an actual removal order, we nonetheless have jurisdiction under 8 U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional equivalent of a removal order. *See Kanacevic v. INS*, 448 F.3d 129, 134 (2d Cir. 2006).

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See*

2

*Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Ye concedes that he did not engage in "other resistance" to China's family planning policy, but argues that the IJ did not consider the fact that he was threatened with sterilization in determining that he failed to establish a well-founded fear of future persecution. However, in light of Ye's testimony that the threat of sterilization was directed mainly at his wife, who was subsequently sterilized, and that he did not allege a fear of sterilization if returned to China, the BIA reasonably concluded that Ye failed to meet his burden of proof. *See Salimatou Bah*, 529 F.3d at 110.

Because Ye was unable to meet his burden for asylum, he necessarily failed to meet the higher burden required for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of

3

removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4